Hernandez v. SOT







NUMBER 13-01-00270-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

JESUS HERNANDEZ, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 

On appeal from the 36th District Court of San Patricio County, Texas.

 

O P I N I O N


Before Justices Hinojosa, Yañez and Castillo

Opinion by Justice Hinojosa


Pursuant to a plea bargain agreement, appellant, Jesus Hernandez, Jr., pleaded guilty to the offense of possession of more
than one gram but less than four grams of methamphetamine, a controlled substance listed in penalty group 1. The trial
court accepted the plea agreement, found appellant guilty and, in accordance with the plea agreement, assessed appellant's
punishment at five years imprisonment. No written pre-trial motions were heard or considered by the court. In a written
motion, appellant asked the trial court for permission to appeal, but the court denied his request. Appellant filed, pro se, a
handwritten notice of appeal.

Appellant's counsel has filed a brief in which he concludes that this appeal is wholly frivolous and without merit. The brief
meets the requirements of Anders v. California, 386 U.S. 738 (1967), as it presents a professional evaluation of why there
are no arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991)
(citing High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978)). In an affidavit, appellant's counsel states that he has
tried to inform appellant of his right to examine the appellate record and to file a pro se brief by mailing notices to the four
addresses listed as appellant's address in the trial court's file.

We must first determine whether this Court has jurisdiction to consider this appeal. Because appellant appeals from a
judgment rendered on a guilty plea made pursuant to a plea bargain agreement, and the punishment assessed did not exceed
the punishment recommended by the prosecutor and agreed to by the defendant, we must consider the threshold issue of
whether appellant's notice of appeal is sufficient to confer jurisdiction on this Court.

The record shows that appellant filed only a general notice of appeal. Because appellant's notice of appeal does not specify
that the appeal is for jurisdictional defects, from a ruling on a pre-trial motion, or that the trial court granted appellant
permission to appeal, it does not comply with the specific notice requirements of Texas Rule of Appellate Procedure
25.2(b)(3). See Tex. R. App. P. 25.2(b)(3).

The Texas Court of Criminal Appeals has held that when an appellant fails to comply with the extra-notice requirements of
rule 25.2(b), the court of appeals lacks jurisdiction to consider the appeal, even for voluntariness issues. See Cooper v.
State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001) (holding that rule 25.2(b) does not permit the voluntariness of a plea to be
raised on appeal, unless the trial court has granted permission for an appeal). Accordingly, we conclude that this Court
does not have jurisdiction to consider this appeal.

Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full examination of all the proceeding[s] to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the
appellate record and counsel's brief; find nothing in the record that might arguably support the appeal; and agree with
appellant's counsel that the appeal is wholly frivolous and without merit. See Stafford, 813 S.W.2d at 511.

We dismiss this appeal for want of jurisdiction.



FEDERICO G. HINOJOSA

Justice



Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

28th day of March, 2002.